## IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| CHANEL GLOVER, | : | No. 10 EAL 2024 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| v. | : | |
| | : | |
| | : | |
| NICOLE JUNIOR, | : | |
| | : | |
| Respondent | : | |

## ORDER

**PER CURIAM**

    **AND NOW**, this 5th day of March, 2024, the Petition for Allowance of Appeal is **GRANTED**. The issues, rephrased for clarity, are:

(1) Did the Superior Court's *en banc* decision conflict with the holding of the Supreme Court of Pennsylvania in *C.G. v. J.H.*, 193 A.3d 891 (Pa. 2018), by concluding the spouse of the biological mother of a child conceived through Assistive Reproductive Technology, who bore no biological relationship to the child, had a right to parentage of the child, where no contract term establishing the spouse as a legal parent existed and the Superior Court applied "intent-based" parentage, to reach its conclusion that an oral contract established the spouse as a legal parent?

(2) Should the doctrine of "intent-based" parentage be adopted in Pennsylvania in the context of a child conceived through Assistive Reproductive Technology?

(3) Did the Superior Court err in holding the spouse of the biological parent of a child conceived through Assistive Reproductive Technology, who bore no biological relationship to the child, had a right to legal parentage of the child as a matter of equity under the circumstances of this case?

Justice McCaffery did not participate in the consideration or decision of this matter.